UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROGER D. ROHRER** | : | **DOCKET NO. CV 06-1242** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), I find that the Commissioner's decision is not supported by substantial evidence in the record, and it is therefore inconsistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

**BACKGROUND**

Roger D. Rohrer ("Rohrer") filed an application for Disability Insurance Benefits on November 10, 2003. (Tr. 13). He alleged disability as of December 1, 2002 due to lumbar spine impairment, degenerative disc disease, cardiovascular disorders, scoliosis, and irregular heartbeat. (Tr. 13-14, 52-55, 68). The claims were denied initially and on reconsideration, and thereafter Rohrer timely requested and was granted a hearing before an Administrative Law Judge ("ALJ") which was held on September 14, 2005. (Tr. 13, 23-26, 305-349). Rohrer

testified at the hearing (Tr. 307-324). Also testifying were Dr. Vern Laing, a board certified internist, as a Medical Expert ("ME") (Tr. 324-336, 343-348) and Beverly Prestonback, a Vocational Expert ("VE"). (Tr. 336-342). In an October 11, 2005, written decision, the ALJ determined Rohrer was not disabled (Tr. 10-19) as he retained the residual functional capacity ("RFC") to perform a range of light work, and as his "past relevant work as a construction contractor did not require the performance of work-related activities precluded by his residual functional capacity." (Tr. 19). Rohrer appealed the adverse decision to the Appeals Council and submitted new medical evidence for review (Tr. 265-304). However, on June 2, 2006, the Appeals Council denied Rohrer's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-8). Rohrer now seeks review by this court of the denial of benefits.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

The plaintiff has the burden of proof to establish a medically determinable physical or

mental impairment that prevents him from engaging in any substantial gainful activity for at least twelve (12) consecutive months.  42 U.S.C. §§423(d)(1)(A) & 1381(a).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988).  The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process:  (1)  Is the claimant currently working and engaged in substantial gainful activity?  (2) Can the impairment or combination of impairments be classified as severe?  (3)  Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations?  (If so, disability is automatic.)  (4) Does the claimant's residual functional capacity permit him to perform past relevant work?  and if not, (5) Can the claimant perform other work?  20 C.F.R. §§ 404.1520, 416.920.  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  The first four steps place the burden upon the claimant.  At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work.  If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested.  *See*, *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).  If the ALJ determines that the claimant can perform past relevant work, the claimant must prove otherwise. *Hollis v. Bowen*, 837 F.2d 1378, 1386 (5th Cir. 1988); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (holding that claimant failed to meet

her burden of proof under disability test where she offered no evidence that she was incapable of performing the type of work that the ALJ determined was available).

### Residual Functional Capacity

The conclusion that Claimant is not disabled is dependent on the validity of the ALJ's determination of Climaint's residual functional capacity (RFC). Here the ALJ's determination of the plaintiff's RFC is not supported by substantial evidence in the record.

At Step Two of the sequential evaluation, the ALJ determined that Rohrer's degenerative disc disease of the lumbar spine with radiculopathy was a severe impairment within the meaning of the regulations. (Tr. 15). However at Step Three he concluded that none of Rohrer's impairments singly or in combination "are attended by clinical signs or laboratory findings which meet or medically equal one of the impairments listed in Appendix I, Subpart P, Regulations No. 4." (Tr. 16). The ALJ next determined that Rohrer retained the residual functional capacity to perform a range of light work[1], and that this RFC would allow Rohrer to return to his previous relevant work as a construction contractor. (Tr. 18).

In reaching these conclusions, the ALJ improperly discounted the opinions of Rohrer's treating specialist physicians. A treating physician's opinion is entitled to great weight, and absent reliable medical evidence from a treating or examining physician controverting the

---

[1] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted maybe very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b)

4

claimant's treating specialist, an administrative law judge may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth at 20 C.F.R. § 404.1527(d)(2).[2] *Beasley v. Barnhart*, 191 Fed. Appx. 331 (5th Cir. 2006); *Newton v. Apfel*, 209 F.3d. 448, 453 (5th Cir. 2000). In the instant case, no treating or examining physician provided medical evidence controverting Rohrer's treating specialists. Therefore, the ALJ could reject the opinions of Dr. R. Dale Bernauer (orthopedic surgeon), and Dr. Christopher Lew (board-certified anesthesiologist and pain management specialist) only after performing a detailed analysis of their views under the criteria enumerated in 20 C.F.R. § 404.1527 (d)(1)-(6). This the ALJ did not do.

The facts of this case are materially indistinguishable from this district court's rulings in *Trahan v. Barnhart*[3] and *Vincent v. Social Security Administration*.[4] Here as in *Trahan* and *Vincent*, the ALJ failed to expressly discuss each of the § 404.1527(d)(2) factors that the court held is mandated before declining to give any weight to the opinion of a treating physician. *Id.*[5]

In addition, the ALJ credited the findings of non-examining medical consultants, and apparently based his findings regarding RFC on the residual functional capacity assessment

---

[2] Six factors are listed: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d)(1)-(6)

[3] No. 2:02-cv-1136 PACER/CM/ECF (W.D. La., L.C. Div., May 22, 2003), U.S. District Court, Western District of Louisiana, Official Court Electronic Document Filing System, at www.lawd.uscourts.gov.

[4] No. 2:05-cv-1297 PACER/CM/ECF (W.D. La., L.C Div., June 12, 2006), U.S. District Court, Western District of Louisiana, Official Court Electronic Document Filing System, at www.lawd.uscourts.gov.

[5] We recognize that an ALJ is not required to apply the six § 404.1527(d) factors to a physician's opinion that a claimant is "disabled" or "unable to work" because these are not *medical opinions* as contemplated under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F. 3d 618 (5th Cir. 2003). Here, however, Dr. Bernauer provided specific limitations in an RFC assessment, and Dr. Lew provided specific limitations in the context of various practice notes.

completed by a non-examining agency physician (Tr. 162-169), and on the testimony of an ME, who opined that Rohrer "would be light at most in my opinion." (Tr. 329).

Reports of non-examining physicians do not constitute substantial evidence when they "contradict or are unsupported by findings made by an examining physician." *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990). The only evidence supporting the ALJ's determination that Rohrer has an RFC for light work comes from non-examining physicians. Furthermore, this testimony directly contradicts the findings of Dr. Bernauer.

In sum, because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity that is not supported by substantial evidence, we necessarily find that the ALJ's ultimate conclusion that the plaintiff is not disabled is likewise not supported by substantial evidence, and is therefore inconsistent with relevant legal standards.

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REMANDED for proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL**

**CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of September, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE