RECEIVED
IN LAKE CHARLES, LA
AUG 1 0 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROGER D. ROHRER** | : | **DOCKET NO. 2:06-cv-1242** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

Plaintiff has submitted a Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b). Doc. 18. Section 406(b) provides that counsel to a successful claimant may receive a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S. Ct. 1817, 1821, 152 L. Ed. 2d 996 (2002), the Supreme Court held that primacy is given to reasonable fees resulting from contingent-fee agreements made between a successful claimant and his or her attorney. However, in determining whether a contingent fee is reasonable, the Court held, "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may be considered. *Id.* at 808, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted).

Plaintiff in the instant matter has submitted proof of hours worked by the attorneys representing her. However, plaintiff has failed to submit the lawyer's normal billing charge for

1

non-contingent fee cases.

In order to determine the reasonableness of the attorney's fee, plaintiff IS ORDERED to submit a record of the normal billing hours charged by her lawyers in non-contingent fee cases.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of August, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE