UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROGER D. ROHRER** | : | **DOCKET NO. 2:06-cv-1242** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).[1] Doc. 18.  The Commissioner filed a response to plaintiff's motion stating that the court cannot determine if the award requested is reasonable because plaintiff's counsel did not provide his normal hourly billing charge for non-contingent fee cases.  Doc. 20.  On August 10, 2009, the court ordered plaintiff to submit plaintiff counsel's normal hourly billing charge for non-contingent fee cases.  Doc. 24.  On August 21, 2009, plaintiff filed a response to the court's order.  Doc. 25.

**I.
Background**

Roger D. Rohrer filed a complaint against the Social Security Administration (the Administration) on July 21, 2006.  Doc. 1.  The Administration, through its Commissioner, filed its answer denying that plaintiff was entitled to social security disability benefits on November

---

[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for Report and Recommendation.

1

17, 2006. Doc. 7. Plaintiff then filed his brief in support of his position on December 19, 2006. Doc. 8. The Administration filed a response to plaintiff's brief on January 16, 2007. Doc. 9. On September 20, 2007, Magistrate Judge Wilson issued a Report and Recommendation recommending that the matter be remanded. Doc. 10. On November 15, 2007, the court entered judgment adopting the Report and Recommendation and ordered that the Commissioner's disability determination be reversed and remanded for further proceedings in accordance with the Report and Recommendation. Doc. 11.

Pursuant to the Equal Access to Justice Act (the EAJA), 28 U.S.C. § 2414, on January 24, 2008, plaintiff's counsel sought attorney's fees for 39.00 hours spent representing plaintiff before the district court. Doc. 12. Counsel was awarded the maximum allowed under the Act, $125.00 per hour for a total fee of $4875.00. Doc. 17.

Ultimately, plaintiff was awarded past-due disability benefits. Doc. 18, Att. 3, p. 6. Pursuant to § 42 U.S.C. § 406(b), plaintiff's counsel now seeks approval for additional attorney's fees equal to twenty five (25) percent of plaintiff's past due benefits. Doc. 18, Att. 4, p. 2-3. Plaintiff's counsel and the Commissioner agree that this request amounts to a fee of $20,739.85. Doc. 20, at 4-5; Doc. 21, at 1.[2] Thus, counsel asks this court to award him $20,739.85 of plaintiff's past due benefits.

The Administration submitted a response to plaintiff's motion stating, albeit with reservation, that "[t]he Commissioner submits that [a] $20,739.95 award under 42 U.S.C. § 406(b) appears to be reasonable." Doc. 20, at 1. However, the Commissioner goes on to state

---

[2] Plaintiff originally requested an award of $15,864.85, which represents twenty five percent of the benefits awarded to plaintiff payable under § 406(b) minus the previously awarded EAJA fees of $4875.00. Doc. 18, Att. 4, p. 3. However, in his Reply, plaintiff amended his request to an award of the full $20,739.85. Doc. 21, at 1. Plaintiff further requests in his Reply, that plaintiff's counsel be ordered to reimburse plaintiff the previously awarded EAJA fees upon receipt of the § 406(b) award. *Id.* The Commissioner agrees that plaintiff's amended request is the proper method. Doc. 20, at 4-5.

that since plaintiff's counsel did not provide the court with his "normal hourly billing charge for non-contingent fee cases" that it is difficult for the court to determine if the award is reasonable. *Id.* at 4. In other words, the Commissioner stated that the fee may very well be reasonable but that the court should obtain additional information before reaching its conclusion. So too, the Commissioner "respectfully suggests than an amount of no more than double a claimant's attorney's per hour non-contingency rate is reasonable." *Id.* at 3.

The Commissioner elaborated on his position stating that, where counsel worked 39 hours and requests a total § 406(b) award of $20,739.85, counsel is effectively requesting "about $531.79 per hour." *Id.* at 4. Therefore, the Commissioner's statements imply that the Commissioner would not disagree that the amount requested here is reasonable so long as counsel's non-contingency rate is at least $265.90 per hour, which is half of a $531.79 hourly rate. On August 10, 2009, the court ordered plaintiff to submit plaintiff counsel's normal hourly billing charge for non-contingency fee cases. Doc. 24.

On August 21, 2009, plaintiff's counsel filed a response to the court's order. Doc. 25. Plaintiff's counsel states and affirms that his firm handles only social security cases and that all of said cases are handled on a contingency fee basis. He further states and affirms that by comparing the ongoing rates for law firms of a similar size to his own (approximately 50 lawyers) in Manhattan, that "fees in excess of $650 per hour for a partner would not seem unreasonable and a figure close to that would be seen as not unreasonable for associates." *Id.*

**II.
Section 406(b) Fees**

A. Sources of Attorney's Fees in Social Security Cases

3

As an initial matter, some explanation of the sources of attorney's fees in Social Security cases is in order. When counsel represents a prevailing claimant, counsel may be awarded attorney's fees pursuant to two separate statutes, the Social Security Act, 42 U.S.C. § 406, and the Equal Access to Justice Act, 28 U.S.C. § 2414. With regard to the application of the Social Security Act, the Eastern District of Texas has explained:

> When a claimant prevails, the Social Security Act authorizes the Commissioner to award attorney's fees for work done at the administrative level. Similarly, the Act permits a federal district court to award attorney's fees for representation before the court. Attorney's fees awarded pursuant to either subsection of Section 406 are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded.
>
> A federal district court lacks authority to award fees for work done at the administrative level. Likewise, the district court generally does not possess jurisdiction to review an attorney's fee award of the Commissioner. Consequently, when attorneys litigate at both levels, they ordinarily must seek attorney's fees from both the district court and the Commissioner to receive full and fair compensation.

*Brannen v. Barnhart* 2004 WL 1737443, at *2 (E.D. Tex. July 22, 2004) (internal citations and footnotes omitted).

The Eastern District also summarized application of the Equal Access to Justice Act:

> A prevailing litigant also may recover an award of attorney's fees pursuant to EAJA, an entirely separate statute. EAJA requires district courts to award reasonable attorney's fees when the Commissioner's position in the action was not "substantially justified." Unlike attorney's fees awarded under the Social Security Act, which are drawn from the claimant's recovery of past-due benefits, attorney's fees awarded pursuant to the EAJA are paid by the United States government.
>
> Federal district courts may award attorney's fees to prevailing claimants and their attorneys under both EAJA and the Social Security Act. An EAJA award is separate from a Section 406(b) award, and neither is limited or affected by the other. However,

> attorneys cannot achieve double recovery. When both awards are bestowed, attorneys must refund the lesser award to their clients. Thus, an EAJA award, in addition to a 406(b) award, "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket ."

*Id*. at *2-3 (internal citations and footnotes omitted).

Thus, "[w]hen Social Security cases are litigated administratively and judicially, prevailing claimants and their attorneys may recover up to three attorney's fee awards: (1) from the Commissioner pursuant to 42 U.S.C. § 406(a); (2) from the district court pursuant to 42 U.S.C. § 406(b); and (3) from the district court pursuant to 28 U.S.C. § 2412(d)(1)(A). When both the second and third awards are received, the lesser must be returned to the client." *Id.*

B.  Fee Determination under § 406(b)

Section 406(b) provides that counsel to a successful claimant may receive a "reasonable fee for such representation, not in excess of twenty five (25) percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.§ 406(b). Additionally, the Fifth Circuit has held that where counsel has received an attorney's fee for work before the Administration, that fee aggregated with the fee earned for work before the district court cannot exceed 25 percent of the claimant's past due benefits. *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir. 1970); *Brannen*, 2004 WL 1737443, at *3. Finally, as mentioned above, if the court awards a fee under § 406(b), the fee under the Equal Access to Justice Act must be returned.

In determining what constituted a reasonable fee within the twenty five (25) percent range set out at § 406(b), circuits split on the proper methodology. The Fifth Circuit adopted the lodestar approach, taking the number of reasonable hours expended on litigation multiplied by a reasonable hourly rate and adjusting it upward or downward based on the circumstances of each

case. *Brown v. Sullivan,* 917 F.2d 189, 192-93 (5th Cir. 1990). Other circuits placed larger emphasis on the contingency fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S. Ct. 1817, 1821, 152 L. Ed. 2d 996 (2002).

In *Gisbrecht*, the Supreme Court resolved the circuit split, rejecting the use of the lodestar approach to determining the reasonableness of attorney's fees under § 406(b). 535 U.S. at 793, 122 S. Ct. at 1820, 152 L. Ed. 2d 996. The Court held that instead primacy is given to contingent-fee agreements:

> [W]e conclude [that] § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 807-08, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted).

As observed by the Eastern District of Texas:

> Other than establishing primacy of a contingent-fee agreement, the Supreme Court offered little guidance, and left many questions unanswered. While the Court expressly rejected the lodestar approach as a starting point, certain aspects of a lodestar approach remain in the calculus. For example, the Court instructs that district courts should look to the character of the representation and results obtained. Furthermore, the Court suggests examining hours worked and a reasonable hourly rate. The overall result is a conundrum. District courts are left to determine how much of the lodestar approach is still viable.[3]

*Brannen*, 2004 WL 1737443, at *5.[4]

Published decisions of district courts within the Fifth Circuit have looked to the factors set out in *Gisbrecht*, including character of the representation, the results achieved, whether the fee-requesting attorney was responsible for delay of the case, and whether the attorney received a windfall (i.e. benefits large in comparison to the amount of time spent on the case). *Brannen*, 2004 WL 1737443, at *5. Further, in deciphering the windfall consideration, courts have considered the risk of loss in the representation, the experience of the attorney, the percentage of past due benefits the fee constitutes, the value of the case to the claimant, and whether the client consents to the requested fee. *Id*.

In applying the factors set out above to the instant matter, the court is conscious of its role as the arbiter of reasonableness. As noted in *Gisbrecht*, while primacy is given to the contingent fee agreement, it is exposure to court review plus the statute's twenty five (25) percent limitation that provides a check on that agreement to prevent it from resembling an adherence contract. 535 U.S. at 807, 122 S. Ct. at 1828, 152 L. Ed. 2d 996. The court also notes the primacy of the

---

[3] The Eastern District of Texas quotes Scalia's dissent: "I do not know what the judges of our district courts and courts of appeals are to make of today's opinion." *Gisbrecht,* 535 U.S. at 809, 122 S. Ct. at 1829, 152 L. Ed. 2d 996 (Scalia, J., dissenting).

[4] As noted in *Brannen*, courts have allowed de facto hourly rates of greater than $1400.00 per hour. *Brannen*, 2004 LW 1737443, at *5. Even within the Western District of Louisiana, courts have allowed fees reaching greater than $450.00 per hour. *See*, *e.g.*, *Reese v. Astrue*, Civil Action No. 5:06-cv-1487, Docs. 26, 27 (June 24, 2008).

contingent fee agreement.

Looking to the factors set out in *Gisbrecht*, it is clear that counsel for plaintiff successfully argued this case before both the district court and on remand before the Administration, securing benefits for his client. There are no indications of delay on the part of counsel. Further, counsel has shown that he is an experienced social security attorney and that plaintiff does not object to the fee. Doc. 18, Att. 3, p. 3-4, 15. The fee constitutes twenty five (25) percent of past-due benefits, the percentage consented to by plaintiff in the fee agreement. Finally, the value of the case to the claimant is obviously very high.

The Commissioner did not argue that the award was unreasonable; he only argued that the court should consider plaintiff counsel's normal non-contingent fee hourly billing rate. Furthermore, the Commissioner indicated that the Administration generally does not oppose an award so long as it is no more than double the plaintiff counsel's non-contingent fee hourly billing rate multiplied by the number of hours that plaintiff's counsel spent on the matter.

Doubling what counsel states and affirms would be his non-contingent hourly rate of $650.00 per hour results in an hourly rate of $1,300.00. This rate obviously far exceeds the de facto hourly rate of $531.79 referred to by the Commissioner. Furthermore, the court notes that while a $531.79 rate would be high for local counsel in the Western District of Louisiana, plaintiff hired counsel from New York where legal services are far more costly.[5] Therefore, the undersigned finds that the award requested by plaintiff's counsel is reasonable.

For the foregoing reasons, the undersigned RECOMMENDS that plaintiffs Motion for

---

[5] *See, e.g., Trupia v. Astrue,* 2008 WL 858994 (E.D.N.Y. Mar. 27, 2008) (award equivalent to $714.09 per hour reasonable); *Blizzard v. Comm'r of Soc. Sec.*, 496 F.Supp.2d 320 (S.D.N.Y. 2007) (award equivalent to $705.00 per hour reasonable and not a windfall); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (award equivalent to $891.61 per hour reasonable and not a windfall).

Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) be GRANTED and that the court thereby award attorney's fees to plaintiff's counsel in the amount of $20,739,95.

The undersigned FURTHER RECOMMENDS that the court order plaintiff's counsel, upon receipt of this award, to refund to plaintiff the previously awarded EAJA fees in the amount of $4,875.00.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 7th day of December 7, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE